IN RE WILL OF W. W. COOPER.

(Filed 25 March, 1914.)

**Wills—Wife a Beneficiary—Undue Influence—Presumptions.**

Where the wife is the beneficiary under a will sought to be set aside for undue influence, the principles announced *In re Everett's Will* have no application.

APPEAL by caveator from *Cooke, J.,* at December Term, 1913, of WAKE.

Issue of *devisavit vel non.* This issue was submitted: "Is the paper-writing being propounded, and every part thereof, the last will and testament of W. W. Cooper, deceased?" and was answered by the jury in the affirmative.

The caveator appealed.

*John W. Hinsdale, Jr., for propounders.*
*R. C. Strong for caveator.*

PER CURIAM. The assignments of error relate to the charge of the court. We have examined the charge, and find no substantial error that in our opinion necessitates another trial.

The position of the learned counsel for caveator that the burden of proof under the facts of this case is on the propounder, the wife of the testator, to rebut the presumption of undue influence, is untenable.

"The fact that a man bequeaths his estate to his wife, excluding his children and other relatives, is absolutely immaterial upon the question of undue influence. The silent influence of affection and respect, augmented by the tender and kindly attention of a faithful wife, cannot be regarded as in any sense undue influence." Underhill on Wills, 212; *In . re Peterson,* 136 N. C., 28.

The *Everett case,* 153 N. C., 86, has no application here, where the wife is the beneficiary.

No error.